Slip Op. 21-165

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SOLARWORLD AMERICAS, INC. ET AL.,**<br><br>    **Plaintiff and Consolidated Plaintiffs,**<br><br>**and**<br><br>**CANADIAN SOLAR INC. ET AL.,**<br><br>    **Plaintiff-Intervenors and Consolidated Plaintiff-Intervenors,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>    **Defendant,**<br><br>**and**<br><br>**CHANGZHOU TRINA SOLAR ENERGY CO., LTD. ET AL.,**<br><br>    **Defendant-Intervenors and Consolidated Defendant-Intervenors.** | **Before: Claire R. Kelly, Judge**<br><br>**Consol. Court No. 16-00134** |

## OPINION

[Sustaining the U.S. Department of Commerce's fourth remand redetermination in the second administrative review of the antidumping duty order covering crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China.]

Dated: December 8, 2021

<u>John R. Magnus</u>, Tradewins LLC, of Washington, D.C., for plaintiff SolarWorld Americas, Inc.

Jonathan M. Freed, Trade Pacific PLLC, of Washington, D.C., for consolidated plaintiffs Changzhou Trina Solar Energy Co., Ltd.; Trina Solar (Changzhou) Science & Technology Co., Ltd.; Trina Solar (U.S.) Inc.; Yancheng Trina Solar Energy Technology Co., Ltd.; Changzhou Trina Solar Yabang Energy Co., Ltd.; Turpan Trina Solar Energy Co., Ltd.; and Hubei Trina Solar Energy Co., Ltd.

Richard L.A. Weiner, Sidley Austin, LLP, of Washington, D.C. for consolidated plaintiffs Yingli Green Energy Holding Co., Ltd.; Yingli Green Energy Americas, Inc.; Yingli Energy (China) Co., Ltd.; Baoding Tianwei Yingli New Energy Resources Co., Ltd.; Beijing Tianneng Yingli New Energy Resources Co., Ltd.; Tianjin Yingli New Energy Resources Co., Ltd.; Hengshui Yingli New Energy Resources Co., Ltd.; Lixian Yingli New Energy Resources Co., Ltd.; Baoding Jiasheng Photovoltaic Technology Co., Ltd.; Hainan Yingli New Energy Resources Co., Ltd.; and Shenzhen Yingli New Energy Resources Co., Ltd.

Craig A. Lewis, Hogan Lovells US LLP, of Washington, D.C., for plaintiff intervenors Canadian Solar Inc.; Canadian Solar (USA) Inc.; Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; Canadian Solar International Limited; BYD (Shangluo) Industrial Co., Ltd.; and Shanghai BYD Co., Ltd.

Tara K. Hogan, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, and Brendan S. Saslow, of counsel, Chief Counsel of Trade Enforcement and Compliance, U.S. Department of Commerce of Washington, D.C., for defendant United States.

Kelly, Judge:   Before the court is the U.S. Department of Commerce's ("Commerce") fourth remand redetermination filed pursuant to the court's order in SolarWorld Americas, Inc. v. United States, 532 F. Supp. 3d 1266 (Ct. Int'l Trade 2021) ("SolarWorld V")  in connection with Commerce's second administrative review of the antidumping duty ("ADD") order covering crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), from the People's Republic of China (the "PRC"), covering the period of December 1, 2013, through November 30, 2014.  Final Results of Redetermination Pursuant to Ct. Remand in [SolarWorld V],

Sept. 27, 2021, ECF No. 203-1 ("Fourth Remand Results"); see [solar cells], from the [PRC], 81 Fed. Reg. 39,905 (Dep't Commerce June 20, 2016) (final results of [ADD] administrative review and final deter. of no shipments) and accompanying Issues and Decision Memo., A-570-979, (June 13, 2016), ECF No. 21-5 ("Final Decision Memo"). The court presumes familiarity with the facts of this case as set out in its previous opinions ordering remand to Commerce, and now only recounts those facts relevant to the court's review of the Fourth Remand Results.  See SolarWorld V, 532 F. Supp. 3d 1266; see generally SolarWorld Americas, Inc. v. United States, 273 F. Supp. 3d 1254 (Ct. Int'l Trade 2017) ("SolarWorld I"); SolarWorld Americas, Inc. v. United States, 320 F. Supp. 3d 1341 (Ct. of Int'l Trade 2018) ("SolarWorld II"); SolarWorld Americas, Inc. v. United States, 355 F. Supp. 3d 1306 (Ct. Int'l Trade 2018) ("SolarWorld III"), aff'd in part, vacated in part, remanded, SolarWorld Americas, Inc. v. United States, 962 F.3d 1351 (Fed. Cir. 2020) ("SolarWorld IV").

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012)[1] and 28 U.S.C. § 1581(c) (2012), which grant the court authority to review actions contesting the final determination in an administrative review of an antidumping order. The court will uphold Commerce's determination unless it is "unsupported by substantial evidence on the

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

Consol. Court No. 16-00134                                           Page 4

record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" Xinjiamei Furniture (Zhangzhou) Co. v. United States, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014) (quoting Nakornthai Strip Mill Public Co. v. United States, 32 CIT 1272, 1274 (2008).

## DISCUSSION

In SolarWorld V, the court remanded Commerce's third remand redetermination, due to Commerce's continued reliance on Thai import data to value nitrogen consumed by Trina,[2] for reconsideration or explanation consistent with the Court of Appeals for the Federal Circuit's ("Court of Appeals") opinion in SolarWorld IV and SolarWorld V.  SolarWorld V, 532 F. Supp. 3d at 1273.

In the Fourth Remand Results, Commerce, under respectful protest,[3] reconsidered its surrogate country selection and valued nitrogen using Bulgarian, rather than Thai import data.  Fourth Remand Results at 1–2, 2 n.4.  On September 2, 2021, Commerce released a draft of the remand redetermination and provided interested parties with an opportunity to comment.  Id. at 4.  No party provided comments.  Id. at 4, 9.  On September 26, 2021, Commerce issued the Fourth Remand

---

[2] Consolidated Plaintiffs Changzhou Trina Solar Energy Co., Ltd.; Trina Solar (Changzhou) Science and Technology Co., Ltd.; Yancheng Trina Solar Energy Technology Co., Ltd.; Changzhou Trina Solar Yabang Energy Co., Ltd.; Turpan Trina Solar Energy Co., Ltd.; and Hubei Trina Solar Energy Co., Ltd. are referred to, collectively, as "Trina."

[3] By adopting a position "under protest," Commerce preserves its right to appeal.  See Viraj Grp., Ltd. v. United States, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

Results.  Fourth Remand Results.  On October 7, 2021, Trina filed a consent motion

to amend the scheduling order issued by the court, see SolarWorld V, 532 F. Supp. 3d

at 1273, "eliminate the comment period and forego the filing of Joint Appendices."

Consol. Pls.' Consent Mot. to Cancel the Schedule for Parties to File Comments,

Replies, and J.A.s on the Remand Redetermination, Oct. 7, 2021, ECF No. 204.  The

court granted this motion.  Order, October 7, 2021, ECF No. 205.  For the following

reasons, the court sustains Commerce's decision to use Bulgarian import data to

value Trina's nitrogen input.

Commerce explains that the record does not contain sufficient evidence to

undertake the analysis to support the use of the Thai import data required in

SolarWorld V.  Fourth Remand Results at 7–8.  Therefore, Commerce examined the

Global Trade Atlas data on record for nitrogen imports into five other possible

surrogate countries.  Id.  Commerce selected Bulgaria from the list of potential

surrogate countries, consistent with its practice of selecting the country with the

highest import volume for the period of review if multiple countries equally satisfy

Commerce's selection criteria.  Id. at 9, n.38.  The record indicates that Bulgaria had

the highest import volume for the period of review; therefore, Commerce's decision to

use Bulgarian import data is supported by substantial evidence.  See SolarWorld's

Submission of Publicly Available Factual Information to Rebut, Clarify or Correct,

Consol. Court No. 16-00134                                              Page 6

Ex. 5B, PDs 497-499, bar codes 3411020-1–3 (Oct. 29, 2015).[4]   No party objects to

Commerce's surrogate country selection, the surrogate country selection is

reasonable, and complies with the court's remand order, see Xinjiamei, 968 F. Supp.

2d at 1259.

## CONCLUSION

     For the foregoing reasons, the Fourth Remand Results, are supported by

substantial evidence and comply with the court's order in Canadian Solar V, and,

therefore, are sustained.   Judgment will enter accordingly.

                                                    /s/ Claire R, Kelly
                                                   Claire R. Kelly, Judge

Dated:        December 8, 2021
              New York, New York

---

[4] On September 13, 2016, Defendant filed an index to the public ("PD") administrative record underlying Commerce's final determination, on the docket, at ECF No. 21-2. Citations to administrative record documents in this opinion are to the numbers Commerce assigned to such documents in the index.